JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar #7709
KIMBERLY SOKOLICH
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Kimberly.Sokolich@usdoj.gov

Representing the United States of America

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLES SANDERS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:22-cr-212-APG-VCF <br><br> **Government's Sentencing Memorandum** |

Certification: This memorandum is timely filed.

### I. Introduction

In the summer of 2022, defendant Charles Sanders sold over 800 grams of methamphetamine and 25 firearms—including a shotgun and three machineguns— to a confidential informant. Sentencing is currently scheduled for August 16, 2023. Consistent with the negotiated plea agreement, and to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence, the government recommends a sentence of 96-months imprisonment, followed by a four-year period of supervised release.

## II. Background and Procedural History

In July 2022, federal law enforcement agents learned that defendant Charles Sanders was illegally selling firearms in the Las Vegas valley. PSR ¶¶ 9–10. An ATF confidential informant, acting under law enforcement's direction, contacted Sanders to purchase firearms. PSR ¶ 11. Despite learning that the confidential informant could not legally possess firearms as a convicted felon and illegal alien, Sanders agreed to sell to the confidential informant. PSR ¶ 13. Between July through September 2022, over the course of five controlled purchases, Sanders sold the confidential informant twenty-five firearms, including a shotgun and three fully automatic weapons, and 811 grams of methamphetamine. PSR ¶¶ 12–42.



Firearms Sanders sold on September 1, 2022

On October 12, 2022, a Federal Grand Jury returned an eight-count indictment, charging Sanders with Conspiracy to Distribute a Controlled Substance, Trafficking Firearms, Illegal Possession of a Machine Gun, Distribution of a Controlled Substance, and Engaging in the Business and Dealing in Firearms Without a License. ECF No. 1.

On May 4, 2023, Sanders pleaded guilty, pursuant to a written plea agreement, to a Superseding Criminal Information, charging him with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(viii) (Count One); and Trafficking Firearms, in violation of 18 U.S.C. § 933 (Count Two). ECF No. 30. Count One carries a mandatory minimum term of five-years imprisonment followed by four-years supervised release. Under the negotiated plea agreement, the parties will jointly recommend a sentence of 96-months imprisonment. ECF No. 26 at 10.

### III. Guideline Calculation

The presentence report correctly calculated a base offense level of 30, under U.S.S.G. §2D1.1(c)(5) and added two levels pursuant to U.S.S.G. §2D1.1(b)(1), because Sanders possessed a dangerous weapon during the drug trafficking offense. PSR ¶¶ 49–50. This is consistent with the parties' guideline calculations in the plea agreement.[1] ECF No. 26 at 8. After a three-level reduction for acceptance of responsibility, the Total Adjusted Offense Level 29, combined with Sanders' Criminal History Category I, yields an advisory guideline range of 87–108 months imprisonment. PSR at 24.

### IV. Sentence

Pursuant to the plea agreement, the government recommends that this Court sentence Sanders to 96-months imprisonment. ECF No. 26 at 10. In agreeing to recommend this sentence, the government has taken into consideration all the factors set forth in 18 U.S.C. §3553(a) and concludes that a 96-month sentence is sufficient but not greater than necessary to comport with the goals of sentencing.

---

[1] In the plea agreement, the parties included the guideline calculations for both Counts One and Two. However, the government agrees with the presentence report that Counts One and Two should be grouped under U.S.S.G § 3D1.2(c).

The goal of sentencing is to "'impose a sentence sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed . . . correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)).

Sanders willfully and repeatedly sold methamphetamine and dozens of firearms to a confidential informant. His criminal acts not only increased the risk of drug related gun-violence but shows a complete disrespect and disregard for the safety of the community. Based on the seriousness of the offense, the need to provide just punishment and afford adequate deterrence, and the need to protect the community from future drug and gun trafficking offenses, the government respectfully requests that Sanders is sentenced to a term of 96-months imprisonment.

In terms of supervised release, the government requests the statutory minimum 4-year term of supervision with the standard and special conditions recommended by the United States Probation Office. PSR at 25–26. The government submits that Sanders' chances of rehabilitation and success will be greatly improved—and any likelihood to re-offend will be significantly reduced—if he remains under U.S. Probation supervision for that period of time.

//

//

## V. Conclusion

For the reasons set forth above, the government respectfully recommends that the Court sentence Sanders to 96-months imprisonment, followed by a four-year term of supervised release.

DATED this 9th day of August 2023.

                                                                                                                    Respectfully submitted,

                                                                                                                    JASON M. FRIERSON  
                                                                                                                    United States Attorney

                                                                                                                    */s/ Kimberly Sokolich*  
                                                                                                                    KIMBERLY SOKOLICH  
                                                                                                                    Assistant United States Attorney